BAIRD, (DUNHAM v.) See Case No. 4,147.
BAIRD, (LEWIS v.) See Case No. 8,316.

## Case No. 758.
### BAIRD v. SHORE LINE RY. CO.
[6 Blatchf. 276.] [1]

Circuit Court, D. Connecticut. Dec. 19, 1868.

EQUITY—JURISDICTION — To RESTRAIN THE ERECTION OF A BRIDGE.

This court has jurisdiction of a suit in equity brought to restrain the building of a bridge across the Connecticut river, between Saybrook and Lyme, to be used for a railroad, although the construction of such bridge is claimed to be authorized by the legislature of the state of Connecticut. The construction of such a bridge was enjoined until the final hearing of the cause.

[See Pennsylvania v. Wheeling & Belmont Bridge Co., 13 How. (54 U. S.) 518; Devoe v. Penrose Ferry-Bridge Co., Case No. 3,-845; Silliman v. Hudson River Bridge Co., Cases Nos. 12,851, 12,852; Hatch v. Wallamet Iron Bridge Co., 6 Fed. 326, 780. Contra, Milnor v. New Jersey R. Co., Case No. 9,620; Pennsylvania R. Co. v. New York & L. B. R. Co., Id. 10,-953.]

[In equity. Bill for injunction by William M. Baird against the Shore Line Railway Company. Injunction granted. At a subsequent hearing this provisional injunction was dissolved. See Baird v. Shore Line Ry. Co., Case No. 759.]

The plaintiff, a resident of Philadelphia and a citizen of the state of Pennsylvania, filed this bill in equity, praying for a perpetual injunction against the defendants,

¹ [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

to restrain them from building a bridge across the Connecticut river, connecting their railroad track, between Saybrook and Lyme. He alleged that they were proceeding to erect the bridge, and that the same would very seriously obstruct the navigation of the river. The defendants, by their answer, set up that they were proceeding to erect such bridge under and by virtue of authority conferred on them by a statute of the state of Connecticut, and that the structure which they were erecting was not intended to obstruct, and would not in fact obstruct, to any considerable extent, the free navigation of the river. The plaintiff, who alleged that he was an owner of vessels enrolled and licensed under the act of congress, and engaged in running on said river, and interested in the navigation thereof, now moved that the defendants be temporarily enjoined against the further erection of the bridge, until the final hearing on the bill, answer, and proofs. This motion was founded on the bill and accompanying affidavits in support of its allegations. The defendants opposed it on their answer and on affidavits.

Richard D. Hubbard and William Hammersley, for plaintiff.

Henry B. Harrison and Tilton E. Doolittle, for defendants.

Before NELSON, Circuit Justice, and SHIPMAN, District Judge.

SHIPMAN, District Judge. We do not propose, at this stage of the controversy, to enter into a lengthy discussion of the important questions involved. As we intimated to the counsel on the hearing, we have no doubt on the question of jurisdiction raised by the defendants. The Connecticut river, at least at the point where this bridge is being erected, is a public river, free to all for the purposes of navigation. We regard the right of this plaintiff, as well as that of every other citizen, to its free navigation, as secured by the constitution and the laws of the United States. Any material obstruction to the exercise of this right is a wrong which this court has power to redress. As the injury complained of is of that peculiar character for which the remedy at law is not adequate, resort must be had to equity, and the plaintiff has, therefore, filed his bill on the equity side of the court. Over the questions thus presented, as we have stated, we think this court has ample jurisdiction. This jurisdiction is not impaired by the law of the state authorizing the erection of the bridge, for the constitution and laws of the United States, by which the free navigation of the river is secured, are paramount to the authority assumed to be exercised by the state.

After elaborate arguments, and upon due consideration of the proofs as they now stand, we think that the defendants should be enjoined until the case can be brought

to a final hearing. The Connecticut river is an important river, emptying into a great arm of the sea, and over its waters a considerable commerce is carried on by citizens of other states as well as by those of Connecticut. It is navigable for large vessels for some fifty miles from its mouth, and it is very near its mouth that the defendants are engaged in erecting the bridge. In this particular, the case is without parallel in the history of this country, so far as we are informed. We are not aware that the attempt has ever before been made to throw a permanent bridge across a large navigable river, at or very near its entrance into the sea. Of course, to whatever extent the navigation may be endangered or obstructed, the danger and inconvenience will be felt by the whole commerce of the river. We are satisfied, upon the proofs, as they now stand, that the free navigation of this river will be materially abridged, and the commerce over it be seriously incommoded and burdened, by the erection of the structure on which the defendants are now engaged. We are now treating the case in its present aspect, leaving, of course, a final judgment upon this and other questions involved, to a later stage in the suit, when the proofs shall be fully presented. We, therefore, purposely abstain from dwelling at length on the points in issue between the parties, and content ourselves with the announcement that, on the facts now before us, we deem it our duty to temporarily arrest the construction of this bridge.

It is proper to add, that we regard this as the best course for all concerned, for, while it leaves all the important questions open for examination on final hearing, it will effectually prevent the introduction into the case of that element of embarrassment, arising out of large expenditures, which has been felt in the later stages of cases of a similar character. Though the defendants are thus subjected to delay, they are at the same time relieved from any hazards. The enjoyment of their railway franchise, as they have used it for many years, is not interfered with. On the contrary, their rights, as they have existed and been enjoyed down to the present time, and the immemorial rights of all to the free and unobstructed navigation of the river, are preserved until the final determination of the grave questions involved in the case.

Let an injunction issue.